UNITED STATES DISTRICT COURT   FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

KAMAU CUSH,

                              Petitioner,

- versus -

MICHAEL SPOSATO, Sheriff of Nassau County,[1]

                              Respondent.

MEMORANDUM AND ORDER
12-CV-168

A P P E A R A N C E S

    KAMAU CUSH
        Nassau County Correction Center
        100 Carman Avenue
        East Meadow, New York 11554
        *Petitioner* Pro Se

    KATHLEEN M. RICE
        Nassau County District Attorney
        262 Old Country Road
        Mineola, New York 11501
    By:  Andrea M. DiGregorio
        *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Kamau Cush brings this *pro se* habeas petition, seeking immediate release from the Nassau County Correctional Center. Cush contends that his ongoing detention, which began on August 30, 2011, after he was returned on a warrant for violating the terms of his probation, violates his due process, Sixth Amendment, and Eighth Amendment rights, as well as New York statutory law. Because Cush has not exhausted his claims, his petition is dismissed.

---

[1] Although Cush also named Kathleen Rice, the Nassau County District Attorney, as a respondent in this case, the caption of this Order has been amended to reflect the single appropriate respondent, Michael Sposato, Sheriff of Nassau County. The Clerk is respectfully directed to amend the case caption accordingly.

BACKGROUND

On March 15, 2002, Cush pled guilty to grand larceny in the third degree in the County Court of Nassau County. He was sentenced to four months of incarceration and five years of probation, and he was ordered to pay restitution in the amount of $7,981.50. Cush did not appeal and was released from custody on May 5, 2002.

On November 20, 2006, Cush was charged with violating the terms of his probation. The County Court signed a Declaration of Delinquency and a warrant was issued for Cush's arrest. Cush was returned on the warrant in November 2006 and released on his own recognizance the next month. He was then returned again on the warrant on August 30, 2011, and he has been in custody since that time.

On September 13, 2011, Cush was brought to court for a pre-violation hearing conference. Although further court proceedings were scheduled for September 20, October 11, and October 24, each of these court dates was adjourned in succession.[2] On November 15, 2011, the court convened the parties and scheduled a hearing on Cush's alleged probation violation. However, on December 8, 2011 and then again on December 19, 2011, the hearing was adjourned. The court adjourned the hearing until January 6, 2012, and then adjourned it three more times, ultimately scheduling a hearing date of January 24, 2012.

Following adjournment of the January 24, 2012 hearing, Cush moved to dismiss the probation charges pending against him on February 8, 2012. A Superseding Probation Violation Report had been filed on October 7, 2011, and Cush contended that the court failed to timely file a Declaration of Delinquency for the superseding charges pursuant to local law,

---

[2] The parties hotly dispute the basis for many of these and subsequent adjournments. Cush argues that proceedings were adjourned because the New York State Department of Corrections and Community Supervision ("DOCCS") refused to produce him. Respondent contends that Cush requested several of the adjournments and that others were necessary because Cush refused to allow DOCCS to produce him.

requiring dismissal of those charges. He also argued that DOCCS had on multiple occasions failed to produce him for his probation-revocation hearing, which, under local law, divested the court of jurisdiction to adjudicate the charges against him and violated his equal protection and due process rights. Cush further asserted that the charges should be dismissed because the Superseding Probation Violation Report was facially insufficient under local law in that it did not apprise him of the conditions of probation he allegedly violated.

By decision dated April 13, 2012, the state court denied Cush's motion and scheduled a final hearing for April 30, 2012. However, on April 30, 2012, the court again adjourned the hearing. On May 9, 2012, the court finally held the probation-revocation hearing, found that Cush had violated the terms of his probation, and sentenced him to one to three years of imprisonment.

On January 9, 2012, Cush commenced this habeas proceeding, pursuant to 28 U.S.C. § 2254. On February 23, 2012, he filed a "Petition for Immediate Relief," and on May 9, 2012, directly after the state court held the probation-revocation hearing, he filed a follow-up letter. I consider these two later filings as supplements to his earlier petition.

DISCUSSION

Although some of Cush's claims may later become cognizable on federal habeas review, none is properly before me at this time. Reading his *pro se* petition liberally, I understand Cush to contend that his lengthy pre-hearing detention – which endured for over eight months – violated his Fourteenth Amendment due process rights and constituted cruel and unusual punishment in violation of the Eighth Amendment. Cush also alleges that his Sixth Amendment rights were infringed by the state court's failure to timely apprise him of the precise probation charges against him and afford him compulsory process to obtain witnesses in his

favor at the revocation hearing. And finally, Cush contends that the revocation hearing was unlawful because, under state law, the court lacked jurisdiction to adjudicate the charges against him, gave him only 30 minutes to review the accusations against him before holding the hearing, and permitted the introduction of impermissible testimony.[3]

Each of these challenges may be but, to the Court's knowledge, has not yet been raised on appeal of Cush's probation revocation, N.Y. Crim. Proc. §§ 450.10(2), 450.30; *see, e.g.*, *People v. Bender*, 805 N.Y.S.2d 443, 444 (App. Div. 2005), and they are thus unexhausted, *see Daye v. Attorney Gen.*, 696 F.2d 186, 190-92 (2d Cir. 1982) (en banc). I therefore cannot grant habeas relief on the grounds requested at this time. 28 U.S.C. § 2254(b)(1)(A). Cush is advised to present his claims to the state courts, first by timely filing a direct appeal, prior to bringing another petition for federal habeas relief.

## CONCLUSION

For the reasons set forth herein, the petition for habeas corpus is dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 8, 2012
      Brooklyn, New York

---

[3] Even if exhausted, a claim that state law was violated does not give rise to federal habeas relief unless the violation of state law amounts to a violation of the federal Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).